**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

_____

| | |
|---|---|
| **TONY RUTHERFORD,** | ) |
| | ) |
| **Petitioner,** | ) |
| **v.** | )      **Case No. 10-CV-2057** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |

**OPINION**

This case is before the court for ruling on Petitioner's pro se Motion for Documents (#5).

For the reasons that follow, Petitioner's Motion (#5) is DENIED.

BACKGROUND

On March 31, 2008, Petitioner, Tony Rutherford, pled guilty to Counts 2, 3, and 5 of the

Indictment (#1) against him pursuant to a written plea agreement (#35).  The plea agreement

included a "waiver of right to appeal from conviction and sentence" and a "waiver of right to

collateral attack," which specifically stated that the waiver included the right to file a motion under

28 U.S.C. § 2255.  On July 14, 2008, a sentencing hearing was held and Defendant was sentenced

to a term of 300 months in the Federal Bureau of Prisons.  Defendant did not file a notice of appeal

because, as noted, he had previously waived his right to appeal in the plea agreement.

On March 11, 2010, more than one year from the date his conviction became final, Petitioner

filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1).  On

March 23, 2010, Petitioner filed a pro se Motion for Documents (#5).  Petitioner requested "any and

all" documents pertaining to his case, including discovery and transcripts, and also requested

documents pertaining to his co-defendant and a confidential informant.  Petitioner did not give any

reason for requesting any of the documents but referenced his Motion under § 2255 and stated that all of the documents requested should be provided without cost.

ANALYSIS

This court initially notes that the docket for Petitioner's criminal case does not contain discovery or documents related to a confidential informant. Further, because no appeal was filed, no transcripts have been prepared in this case. Therefore, most of the documents Petitioner has requested cannot be provided. Pursuant to 28 U.S.C. § 753(f), an indigent Petitioner may obtain the preparation of free transcripts to prosecute a § 2255 action "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit." 28 U.S.C. § 753(f), see also United States v. Ray, 2007 WL 4232988, at *1 (E.D. Wis. 2007). As noted, Petitioner has not provided any reasons to this court to support a finding that transcripts are needed in this case. It is not enough for a Petitioner to make bald allegations that he needs the documents. See United States v. Tolliver, 2007 WL 611236, at *2 (S.D. Ill. 2007). Furthermore, this court cannot certify that the suit is not frivolous because Petitioner waived his right to file a collateral attack, including a Motion under 28 U.S.C. § 2255, and it appears that the Motion is untimely as well.

For the reasons stated, Petitioner's Motion for Documents (#5) is DENIED.

ENTERED this 24th day of March, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE