UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | | |
|---|---|---|
| TONY C. RUTHERFORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 10-CV-2057 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION

On March 11, 2010, Petitioner, Tony C. Rutherford, filed a pro se Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (#1). On April 2, 2010, the Government filed a Motion to Dismiss Petitioner's Motion Pursuant to 28 U.S.C. § 2255 (#7). The Government argued that Petitioner's Motion should be dismissed for two reasons: (1) Petitioner waived his right to pursue relief pursuant to § 2255 in his written plea agreement; and (2) his Motion is barred by the applicable one-year statute of limitations. On April 16, 2010, Petitioner filed a lengthy Memorandum of Law and Amendment in support of his Motion under § 2255 (#8), with attachments. Following careful consideration, this court concludes that Petitioner clearly waived his right to file a Motion under § 2255 and his Motion must be dismissed on that basis. This court therefore does not need to consider the alternative basis for dismissing his Motion, that the Motion is barred by the applicable statute of limitations. For the reasons that follow, Petitioner's Motion (#1) is dismissed and this case is terminated.

FACTS

PROCEEDINGS IN CRIMINAL CASE

On February 8, 2007, in Case Number 07-CR-20016, Petitioner was charged by indictment

with five counts related to illegal drug distribution and possession. Although Petitioner had agreed to cooperate with the Government, he instead violated the cooperation agreement and fled the jurisdiction. Petitioner was arrested on November 20, 2007, following a car and foot chase by a Deputy United States Marshal. On November 21, 2007, Petitioner requested court-appointed counsel and James C. Dedman was appointed to represent him. In December 2007, Petitioner was involved in an attempt to escape from the Ford County Jail.

On March 31, 2008, a hearing was held before this court and Petitioner pleaded guilty pursuant to a written plea agreement. At the hearing, Petitioner was sworn and a Rule 11 colloquy was held. During the colloquy, this court thoroughly explored the issue of Petitioner's competence to enter into the plea agreement. This court also thoroughly advised Petitioner of the rights he was waiving by entering into the plea agreement and carefully discussed the terms of the plea agreement, which Petitioner acknowledged that he had read and understood, including the agreed-upon sentence.

The written plea agreement stated that, pursuant to Rule 11(c)(1)(A) & (C) of the Federal Rules of Criminal Procedure, the parties agreed that Petitioner would plead guilty to Counts 2, 3, and 5 of the indictment and the Government would dismiss Counts 1 and 4 at sentencing. The plea agreement provided:

> Pursuant to Rule 11(c)(1)(C)[1], the United States and the defendant agree to the following Sentencing Guideline applications:
>
> a. The defendant's base offense level is 36 pursuant to §2D1.1(a)(3) & §2D1.1(c)(2) because the defendant is responsible for

---

[1] Rule 11(c)(1)(C) provides that an attorney for the Government and the defendant's attorney may reach a plea agreement and "agree that a specific sentence or sentencing range is the appropriate disposition of the case." The Rule provides that "such a recommendation or request binds the court once the court accepts the plea agreement."

at least 1.5 kilograms but less than 4.5 kilograms of cocaine base ("crack");

b. The defendant's offense level should be increased by four offense levels pursuant to §3B1.1(a) because the defendant was an organizer and leader in the charged criminal activity that involved five or more participants;

c. Although it is arguable whether the defendant should receive a two level increase for obstruction of justice under §3C1.1 both for fleeing the jurisdiction after his arrest and attempting to escape from custody prior to trial and not receive credit for acceptance of responsibility pursuant to §3E1.1, the parties agree at this time that the defendant's offense level should be reduced by three levels pursuant to §3E1.1 because he has accepted responsibility for his conduct. Acceptance of personal responsibility shall include cooperating fully with the United States Probation Office in the preparation of a presentence report and not committing any local, state or federal offenses while awaiting sentencing. This agreement does not preclude the United States from changing its position if new evidence to the contrary is discovered or if the defendant later demonstrates a lack of acceptance of personal responsibility in the opinion of the United States[.]

In the plea agreement, the parties agreed that Petitioner had an offense level of 37 and a criminal history category of III, resulting in a guideline sentencing range of 262 to 327 months of

imprisonment. The agreement stated:

> The United States and the defendant each agree that the appropriate disposition of the case is for the defendant to be sentenced to a 300 month term of imprisonment on each of Counts 2, 3, and 5, to be served concurrently, followed by a ten year term of supervised release on Count 5 and an eight year term of supervised release on Counts 2 and 3, to be served concurrently, no fine, and a $300 special assessment.

The plea agreement provided that Petitioner knowingly and voluntarily waived his right to appeal "any and all issues relating to this plea agreement and conviction and to the sentence, including any fine or restitution, as provided in this plea agreement, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this plea agreement." The written plea agreement also stated:

> WAIVER OF RIGHT TO COLLATERAL ATTACK
>
> 27. The defendant also understands that he has a right to attack his sentence collaterally on the grounds it was imposed in violation of the Constitution or laws of the United States, he received ineffective assistance from his attorney, this Court was without proper jurisdiction or the sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and his attorney have reviewed Section 2255, and the

4

defendant understands the rights that statute gives him. The defendant's attorney has fully discussed and explained this waiver with the defendant but has made no recommendation to the defendant as to the waiver of a motion under Title 28, United States Code, Section 2255. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice his attorney has given him one way or the other, in exchange for the concessions made by the United States in this Plea Agreement, <u>the defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence</u>. (Emphasis added.)

<u>ACKNOWLEDGEMENT OF VOLUNTARINESS OF WAIVER</u>

28. The defendant states that he has not been coerced, threatened, intimidated, or in any other way involuntarily persuaded

to waive his rights to appeal or collaterally attack his sentence by his attorney or anyone else. The defendant is waiving those rights because he <u>personally</u> believes it is in his best interest to do so in order to obtain the benefit of the concessions made by the United States in this agreement. The defendant understands the United States is unwilling to make some of those concessions unless he is willing to waive his rights to appeal or collaterally attack his sentence as part of the bargain. The defendant asks the Court to accept this waiver so he can receive the full benefit of this agreement. (Emphasis in original.)

The written plea agreement also contained the following statements:

> 33. Defendant
>
> I have read this entire Plea Agreement carefully and have discussed it fully with my attorney, James C. Dedman. I fully understand this agreement and accept and agree to it without reservation, including the paragraphs labeled "Waiver of Right to Appeal" and "Waiver of Right to Collateral Attack."
>
> I am entering into this agreement voluntarily and of my own free will in order to gain the benefit of the promises made by the United States. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, express or implied, to influence me to plead guilty other than those stated in the

> written plea agreement nor am I under the influence of anything that could impede my ability to understand fully this Plea Agreement.
>
> I am satisfied with the legal services provided by my attorney in connection with this case, this Plea Agreement and matters related to it. I further understand that by signing below I am stating I agree with everything stated in this section of the Plea Agreement and I am accepting and entering into this Plea Agreement in [its] entirety.
>
> I hereby reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement.

Petitioner signed the written plea agreement on March 12, 2008. Following the guilty plea hearing held on March 31, 2008, this court accepted Petitioner's plea of guilty as knowing and voluntary.

On July 14, 2008, a sentencing hearing was held. Based upon the agreement included in the written plea agreement pursuant to Rule 11(c)(1)(C), this court imposed the agreed-upon sentence of 300 months in the Federal Bureau of Prisons on Counts 2, 3, and 5, to be served concurrently, a term of 10 years of supervised release, said term consisting of 8 years on each of Counts 2 and 3, and 10 years on Count 5, to be served concurrently, and a $300 special assessment. Pursuant to the terms of the plea agreement, Counts 1 and 4 were dismissed. This court noted that Petitioner's appeal rights were previously waived. Judgment (#38) was entered on July 15, 2008.

PROCEEDINGS UNDER SECTION 2255

On March 11, 2010, more than one year after the judgment of conviction became final, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (#1) in this

case. Petitioner raised numerous claims of ineffective assistance of counsel, including a claim that his counsel did not file a notice of appeal although Petitioner asked him to do so. Petitioner also argued that his delay in filing the Motion should be excused because of his mental illness, because he suffered from a broken hand, and because of prison transfers and time spent in segregation.

On April 2, 2010, the Government filed a Motion to Dismiss (#7). The Government argued that Petitioner's Motion under § 2255 must be dismissed because it is barred by Petitioner's previous waiver of the right to file a motion pursuant to Section 2255. The Government stated that, "in clear terms in the plea agreement, the petitioner agreed to waive any and all rights he might have to challenge his sentence or the manner in which it was determined in any collateral attack, including any claim of ineffective assistance of counsel." The Government also argued that the Motion must be dismissed because it was filed almost eight months after the one-year statute of limitations had run. The Government also argued that equitable tolling of the statute of limitations would not be available to Petitioner because equitable tolling is a remedy reserved for "[e]xtraordinary circumstances far beyond the litigant's control [that] . . . prevented timely filing." See Nolan v. United States, 358 F.3d 480, 484 (7th Cir. 2004), quoting Modrowski v. Mote, 322 F.2d 965, 967 (7th Cir. 2003).

On April 16, 2010, Petitioner filed a lengthy Memorandum of Law and Amendment in support of Motion under 28 U.S.C. § 2255 (#8). On October 26, 2010, Petitioner filed a Motion for a Certificate of Appealability (#13).

ANALYSIS

Following careful review of Petitioner's filings and the Government's arguments, this court agrees with the Government that Petitioner has waived his right to file a Motion under § 2255.

The Seventh Circuit has stated that it strictly enforces waivers of the right to challenge a sentence included in the plea agreement. See United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir.

2005); see also United States v. Bownes, 405 F.3d 634, 636 (7th Cir. 2005). In the Seventh Circuit, a defendant who, as part of a written plea agreement, expressly waives the right to file a § 2255 motion challenging his sentence may only file such a motion if he can demonstrate that the § 2255 waiver was either unknowing or involuntary or the result of the ineffective assistance of counsel in connection with negotiating the agreement. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999); Williams v. United States, 2010 WL 1327442, at *4 (C.D. Ill. 2010). "[T]he right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." Jones, 167 F.3d at 1145; see also Williams, 2010 WL 1327442, at *4; Reed v. United States, 2005 WL 1528371, at *2 (N.D. Ill. 2005). In this case, any claim by Petitioner that he did not enter into the plea agreement knowingly, and did not understand the nature and consequences of the plea, is completely belied by the written plea agreement, which was thoroughly discussed during the guilty plea hearing. See Reed, 2005 WL 1528371, at *2-5. Voluntary responses made by a defendant when entering a guilty plea are binding and entitled to a presumption of verity. See United States v. Martinez, 169 F.3d 1049, 1054 (7th Cir. 1999). In addition, any claim that his attorney was ineffective in negotiating the plea agreement is completely without merit based upon the record in this case. It is clear from the record that Petitioner's attorney negotiated a very favorable plea agreement for Petitioner, which Petitioner knew included a waiver of his right to appeal and his right to file a motion under § 2255. Therefore, this court concludes that Petitioner cannot claim that his waiver was unknowing or involuntary or was the result of ineffective assistance of counsel.

  This court notes that Petitioner has also argued that his counsel was ineffective for failing to file a notice of appeal. Petitioner argued that he was improperly sentenced above the guideline range and asked his attorney to file a notice of appeal. This court notes that this is a remarkable argument

considering that the written plea agreement, which was signed by Petitioner, included an agreed-upon sentence of 300 months, which was well within the agreed-upon sentencing guideline range of 262 to 327 months. This court notes that, when it accepts a plea agreement entered under Rule 11(c)(1)(C), it is bound by that agreement at sentencing. Obviously, a defendant such as Petitioner who receives the benefit of such an agreement is bound by the agreement as well. In this case, Petitioner clearly benefitted from the agreement because the Government agreed to dismiss Counts 1 and 4 of the indictment and also agreed to a three-level reduction in Petitioner's offense level for acceptance of responsibility even though Petitioner fled the jurisdiction after his initial arrest and agreement to cooperate and, after he was arrested by a Deputy United States Marshal on November 20, 2007, was involved in an attempt to escape from the Ford County Jail. In any case, the fact that Petitioner wanted to file an appeal does nothing to change the uncontroverted fact that he waived his right to collaterally attack his sentence. As this court stated in Williams:

> As for Petitioner's claim that counsel failed to file a direct appeal, Petitioner's own waiver barred counsel from doing so. Furthermore, this allegation cannot stand because it is not related to the negotiation of the waiver. Williams, 2010 WL 1327442, at *5, citing Jones, 167 F.3d at 1145.

Accordingly, this court concludes that Petitioner's Motion under § 2255 is barred by his waiver. This court notes that the Seventh Circuit has stated that "[w]e have never been reluctant to hold criminal defendants to their promises." Roberts v. United States, 429 F.3d 723, 724 (7th Cir. 2005). Here, as in Roberts, "[t]here is no question that [Petitioner's] waiver encompasses the claims presented in the § 2255 motion." See Roberts, 429 F.3d at 724.

Because of this conclusion, there is no reason to consider the Government's additional

argument that Petitioner's Motion must be dismissed because it is untimely. Therefore, there is also no need to consider Petitioner's arguments that his late filing should be excused because of a variety of circumstances.

MOTION FOR CERTIFICATE OF APPEALABILITY

Petitioner has also filed a Motion for a Certificate of Appealability (#13). In his Motion (#13), Petitioner has taken an "everything but the kitchen sink" approach and has argued that just about every possible constitutional violation occurred during his criminal proceedings, including Brady violations and perjured testimony (even though he pleaded guilty and did not go to trial). This court concludes that Petitioner's strident claims regarding the violation of his rights are not remotely credible based upon the record of his criminal case.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," which has happened here, a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also Jimenez v. Quarterman, 129 S. Ct. 681, 684 n.3 (2009). This court concludes that jurists of reason would not find it debatable whether Petitioner's Motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this court correctly found that the Motion is barred by Petitioner's clear waiver included in the written plea agreement.

IT IS THEREFORE ORDERED THAT:

(1) The Government's Motion to Dismiss (#7) is GRANTED. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (#1) is dismissed.

(2) To the extent Petitioner raised additional claims in his Memorandum and Amendment (#8), those claims are dismissed as well.

(3) Petitioner's Motion for a Certificate of Appealability (#13) is DENIED.

(4) This case is terminated.

ENTERED this 29th day of October, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE