UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| TONY CASTINO RUTHERFORD, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 10-CV-2057 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION**

On January 17, 2012, Petitioner, Tony Castino Rutherford, filed a pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#42) in this case. Petitioner also filed a Motion for Leave to Proceed in Forma Pauperis (#43) and his trust fund ledger (#44).

However, Petitioner has already filed a Motion under 28 U.S.C. § 2255. On October 29, 2010, this court entered an Opinion (#17) and dismissed Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence (#1) because Petitioner had waived his right to file a Motion under § 2255 in his written plea agreement. Petitioner filed a Notice of Appeal from this court's ruling. On May 16, 2011, the Seventh Circuit issued its Mandate (#33). The Seventh Circuit denied Petitioner's request for a certificate of appealability, finding no substantial showing of the denial of a constitutional right.

In his current pro se Motion pursuant to § 2255 (#42), Petitioner has set forth an elaborate recitation of events. However, under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), "prisoners are entitled to a single unencumbered opportunity to

pursue collateral review." Vitrano v. United States, 643 F.3d 229, 233 (7th Cir. 2011). "The AEDPA prohibits prisoners from filing a second or successive § 2255 motion unless they obtain certification from the court of appeals." Vitrano, 643 F.3d at 233, citing 28 U.S.C. § 2255(h). A § 2255 motion need not be adjudicated on the merits in order to "count" as a prisoner's first motion for AEDPA purposes. Vitrano, 643 F.3d at 233. In fact, this court's dismissal of Petitioner's prior § 2255 Motion based upon Petitioner's waiver of his right to file a collateral attack under § 2255 was a dismissal with prejudice, because it was based on an incurable defect (waiver) preventing review on the merits. See Daniels v. United States, 2010 WL 3279333, at *1 (E.D. Wis. 2010). The dismissal with prejudice constitutes a decision on the merits for purposes of successive habeas petitions. See Daniels, 2010 WL 3279333, at *1.

Accordingly, Petitioner's Motion (#42) is successive and this court has no jurisdiction to hear a second or successive motion under § 2255 unless the Seventh Circuit Court of Appeals has issued an order authorizing the district court to consider the motion. See 28 U.S.C. § 2244(b)(3)(A); United States v. Carraway, 478 F.3d 845, 849 (7th Cir. 2007); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996). "A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Nunez, 96 F.3d at 991 (emphasis in original).

In this case, the Seventh Circuit has not authorized the filing of this second or successive motion brought under § 2255. Consequently, this court is without jurisdiction to entertain Petitioner's Motion and it must be dismissed. See Nunez, 96 F.3d at 991.

IT IS THEREFORE ORDERED THAT Petitioner's pro se Motion (#42) is dismissed for lack of jurisdiction.

ENTERED this 23rd day of January, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE