UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| TONY CASTINO RUTHERFORD, | ) |
| | ) |
| Petitioner, | ) |
| v. | )  Case No. 10-CV-2057 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION

On April 22, 2013, Petitioner, Tony Castino Rutherford, filed a pro se Motion Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (#58). The Motion, Memorandum and attachments are 112 pages long.

It is clear from Petitioner's Motion and Memorandum that he is seeking relief that is only available under 28 U.S.C. § 2255. Petitioner's Motion is directly addressed to the merits of his desire for collateral relief, something he can only seek under § 2255. See Phillips v. United States, 668 F.3d 433, 435 (7th Cir. 2012). Thus, although styled as a Motion under Rule 60(b), Petitioner's Motion is properly understood as a request for relief under 28 U.S.C. § 2255. See United States v. Carraway, 478 F.3d 845, 849 (7th Cir. 2007), citing Gonzalez v. Crosby, 545 U.S. 524, 531 (2005). If a Rule 60(b) motion is really a successive Motion under § 2255, the district court lacks jurisdiction unless the prisoner has obtained permission from the appropriate Court of Appeals to file it. See Curry v. United States, 507 F.3d 603, 604 (7th Cir. 2007).

Petitioner has already filed two Motions under 28 U.S.C. § 2255. On March 11, 2010, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under § 2255 (#1). On October 29, 2010, this court entered an Opinion (#17) and dismissed Petitioner's pro se Motion because Petitioner had waived his right to file a Motion under § 2255 in his written plea agreement. Petitioner filed a Notice of Appeal from this court's ruling. On May 16, 2011, the Seventh Circuit issued its Mandate (#33). The Seventh Circuit denied Petitioner's request for a certificate of appealability, finding no substantial showing of the denial of a constitutional right. On January 17, 2012, Petitioner filed a second Motion under § 2255 (#42). This court entered an Opinion (#45) and dismissed it for lack of jurisdiction. Petitioner appealed, and the Seventh Circuit again denied his request for a certificate of appealability (#57).

In his current pro se Motion purportedly brought pursuant to Rule 60(b), Petitioner has set forth an elaborate recitation of events and case law. However, under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), "prisoners are entitled to a single unencumbered opportunity to pursue collateral review." Vitrano v. United States, 643 F.3d 229, 233 (7th Cir. 2011). "The AEDPA prohibits prisoners from filing a second or successive § 2255 motion unless they obtain certification to do so from the court of appeals." Vitrano, 643 F.3d at 233, citing 28 U.S.C. § 2255(h). A § 2255 motion need not be adjudicated on the merits in order to "count" as a prisoner's first motion for AEDPA purposes. Vitrano, 643 F.3d at 233. In fact, this court's dismissal of Petitioner's first § 2255 Motion based upon Petitioner's waiver of his right to file a collateral attack under § 2255 was a dismissal with

prejudice, because it was based on an incurable defect (waiver) preventing review on the merits.  See Daniels v. United States, 2010 WL 3279333, at *1 (E.D. Wis. 2010); see also Rutherford v. United States, 2012 WL 195614, at *1 (C.D. Ill. 2012).  The dismissal with prejudice constitutes a decision on the merits for purposes of successive habeas petitions.  See Daniels, 2010 WL 3279333, at *1.

Accordingly, Petitioner's Motion (#58) is successive and this court has no jurisdiction to hear a second or successive motion under § 2255 unless the Seventh Circuit Court of Appeals has issued an order authorizing the district court to consider the motion.  See 28 U.S.C. § 2244(b)(3)(A); Carraway, 478 F.3d at 849; Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).  "A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing."  Nunez, 96 F.3d at 991 (emphasis in original).

In this case, the Seventh Circuit has not authorized the filing of this second or successive motion brought under § 2255.  Consequently, this court is without jurisdiction to entertain Petitioner's Motion and it must be dismissed.  See Nunez, 96 F.3d at 991.

IT IS THEREFORE ORDERED THAT Petitioner's pro se Motion (#58) is dismissed for lack of jurisdiction.

ENTERED this 29th day of April, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE